IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| **DOUGLAS BALDWIN,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 3:23-cv-00474 |
| | ) |
| **AMERICAN VAN LINES, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**[1]

COMES NOW the Defendant, AMERICAN VAN LINES, INC. (hereinafter, "AVL" or "Defendant"), by counsel, and hereby files its Memorandum in Support of Motion to Dismiss, respectfully stating as follows:

**I.     FACTUAL BACKGROUND**

This is an action for damages to Plaintiffs' personal property that occurred during the process of an interstate residential move. *See generally*, Compl.  Plaintiffs allege that they contracted with AVL to move their furniture and household items from Hanover County, Virginia to Hoschton, Georgia. (Compl. ¶¶ 13-20).  Plaintiffs further allege that, prior to deciding to engage AVL to perform the move, a representative of AVL, "[i]n response to a question from Mrs. Baldwin," indicated that AVL "would disconnect appliances."  (*Id*. at ¶  10).  Plaintiffs eventually hired AVL, and the move was scheduled for between 6/13/2018 and 6/15/2108.  (*Id*. at ¶ 16).

---

[1] Defendant previously filed a Demurrer in state court, which pleading has been converted into this functionally equivalent Motion to Dismiss.

AVL arrived on the morning of June 13, 2018, began to inventory the property to be transported, and started loading the truck. (Compl, ¶ 20.) Plaintiffs claim that, sometime in the afternoon, "AVL's employees began disconnecting the washing machine in the laundry from its water supply," and "[i]n doing this, negligently broke the washing machine supply pipes." (*Id*. at ¶ 21). Some of Plaintiffs' furniture and household goods were damaged in the resulting flooding. (*Id*. at ¶ 21, second). Plaintiffs further claim that, due to "damage to the Residence," the sale of their home was cancelled, which in turn prevented Plaintiffs from closing on their new home in Georgia. (*Id*. at ¶ 22).

After the aforementioned incident, based on instructions from their home insurance carrier, Plaintiffs asked AVL to move the affected household goods and furniture to a ServePro location in Chesterfield County, Virginia. (Complaint, ¶ 26). According to Plaintiffs, AVL "refused" to take the property from the Hanover residence to Chesterfield because AVL had another delivery in North Carolina. (*Id*. ¶ 27). Plaintiffs agreed to the transport of their property from North Carolina and back to Chesterfield, albeit "under protest." (*Id*.). Plaintiffs were presented with a bill of lading for interstate goods by AVL which Plaintiffs refused to sign. (*Id*. ¶ 30). Plaintiffs now insist that, because they refused to sign the bill of lading, state law – rather than federal law – applies to their contracted-for interstate move. (*Id*. ¶ 33).

Plaintiffs assert claims for conversion, violation of the Virginia Consumer Protection Act (VCPA), breach of contract, and common law fraud. In addition to compensatory damages (for uncovered losses not paid by their insurance carrier), Plaintiffs seek treble damages (under the VCPA), punitive damages, and attorneys' fees. Even if Plantiffs' claims were not preempted by the Carmack Amendment, they are insufficiently pled, and should be dismissed.

## II.     APPLICABLE LAW

Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Moreover, while a court in considering a Motion to Dismiss must "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor," *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), it "need not accept legal conclusions couched as facts or 'unwanted inferences, unreasonable conclusions, or arguments,'" *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (internal citations omitted).

## III.     ARGUMENT

### A. Plaintiffs' Claims are Preempted by the Carmack Amendment.

The Carmack Amendment, 49 U.S.C. § 14706 *et seq.*, provides the exclusive cause of action and sole remedy for Plaintiffs in this case. The Carmack Amendment exclusively governs a carrier's liability and a shipper's remedies arising from contracts for the interstate ground shipment of property. The jurisprudence interpreting the Amendment has consistently and clearly held that <u>all</u> state law causes of action are preempted. *See Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913) (holding that the Carmack Amendment supersedes all

state laws with regard to a carrier's liability); *Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 378, 381 (2nd Cir. 1994) ("'Congress has created a **broad, comprehensive scheme** covering the interstate shipment of freight, aimed at preventing preferential treatment among shippers and establishing national equality of rates and services. This has occupied the **field to the exclusion of state law**.'") (*citing N. Am. Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 234 (2d Cir. 1978)).  A long line of decisions from the United States Supreme Court has expressly held that the Carmack Amendment preempts state law claims. *See, e.g., Adams Express*, 226 U.S. at 505 (**Congress has totally preempted state regulation of the liability of common carriers**; "the national law is paramount and supersedes all state laws as to the rights and liabilities" of carriers) (emphasis added). In fact, the Carmack Amendment extends to every aspect of a carrier's liability under an interstate shipping contract. As the Supreme Court has recognized, "[T]he words of the [Carmack Amendment] are comprehensive enough to embrace responsibility *for* all losses resulting from **any failure to discharge a carrier's duty as to any part of the agreed transportation . . . .**" *Ga., Fla. & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916) (emphasis added); *Kansas City S. Ry. Co. v. Carl*, 227 U.S. 639, 649 (1912) (Carmack Amendment "undoubtedly manifested the purpose of Congress to bring contracts for interstate shipments under one uniform rule or law, and therefore withdraw them from the influence of state regulation").

The Carmack Amendment unquestionably applies to the interstate movement of household goods, *i.e.*, residential moves. Moreover, it applies regardless of how "extreme" the nature of the carrier's actions are. *See, e.g., Brentzel v. Fairfax Transfer & Storage, Inc.*, No. 21-1025, 2021 WL 6138286, at *5–6 (4th Cir. Dec. 29, 2021) (holding that Carmack preempted state law conversion claim even where the plaintiff claimed that the carrier's actions were "criminal in nature").[2] This is because "[t]he Amendment's preemptive force is exceedingly broad and embraces "all losses resulting from <u>any failure to discharge a carrier's duty as to any part</u> of the agreed transportation." *Brentzel, supra*, 2021 WL 6138286, at *5-6 (*citing Ga., Fla. & Ala. Ry. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916)) (emphasis added). The Carmack Amendment "preempts all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments." *Id.* (*citing N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 456 (7th Cir. 1996)).

Virginia state and federal law have held that the very causes of action Plaintiffs attempt to maintain here are preempted. *See, e.g., Brentzel, supra*, 2021 WL 6138286 (finding conversion claim preempted by Carmack); *Hairston Motor Co. v. Newsome*, 253 Va. 129, 135–36 (1997) (finding that breach of contract claim was preempted by the Carmack Amendment); *Harlow v. Bekins A-1 Movers, Inc.*, 59 Va. Cir. 198 (2002); (finding that plaintiff failed to state a VCPA claim due to Carmack Amendment preemption); *see also* Va. Code § 59.1-199(A) (excluding the VCPA from covering "[a]ny aspect of a consumer transaction which aspect is authorized under laws or regulations of ... the United States."). With respect to damages, the plain language of the Carmack Amendment limits recovery for loss or damage to "actual loss or

---

[2] In *Brentzel*, the plaintiff hired the defendant carrier to move certain items from her residence in Virginia to a second residence in D.C. Her claims involved among other things, the theft of $10,000 cash and a diamond ring from the D.C. residence. The Court held that Carmack applied even though Plaintiff argued that "[t]he cash and ring 'were not part of contents being moved from Virginia to DC, and instead were a part of the contents of the DC Main Residence, since before the move began.'" 2021 WL 6138286, at *1.

5

injury to the property" and excludes any provision for private punitive damages. *See, e.g., Yakubu v. Atlas Van Lines*, 351 F. Supp. 2d 482, 491 (W.D. Va. 2004) ("The Carmack Amendment precludes punitive damages in an action based on the liability of a carrier for damage to goods in transit"); *Chandler v. Aero Mayflower Transit Co.*, 374 F.2d 129, 137 (4th Cir. 1967) (citations omitted).

Plaintiffs' Complaint attempts to skirt the applicability of the Carmack Amendment based on the allegation that Plaintiffs did not execute the bill of lading. *See* Compl. at ¶¶ 33-34. However, the plain language of the Carmack Amendment establishes that the issuance and/or execution of the bill of lading has no bearing on the applicability of the Carmack Amendment. *See* 49 U.S.C. 14706(a)(1) (stating: "[f]ailure to issue a receipt or bill of lading does not affect the liability of a carrier"). In short, the above precedent and authority mandate that the claims asserted by Plaintiffs in this case – claims which all arise from Plaintiffs' agreement with AVL for the interstate movement of their property – be dismissed as preempted by the Carmack Amendment.

### B. *Plaintiffs Have Failed to State a Claim for Conversion (Count I).*

Even if Plaintiffs' claim for conversion could survive Carmack Amendment preemption, it is still fatally flawed. The claim appears to be premised upon AVL's alleged temporary transport of certain of Plaintiffs' property to North Carolina. Plaintiffs suggest this was done "against the express opposition of Mrs. Baldwin and without her consent." (Complaint, ¶ 37). This is inconsistent with prior allegations in the Complaint, wherein Plaintiffs admitted that (1) AVL advised Plaintiffs of the need to take their property to North Carolina before returning it to the Serv-Pro, and (2) Plaintiffs acquiesced to this arrangement (albeit grudgingly). Plaintiffs were aware that their property was to be temporarily transported to North Carolina, but there is no allegation in the Complaint that Plaintiffs forbade such transport or that demanded that AVL

6

immediately unload and return their property. Plaintiffs' displeasure or irritation with their property sojourning in North Carolina before being delivered to Serv-Pro does not render its transport by AVL a "conversion."

A conversion "is any unauthorized dealing with the goods of another by one in possession, whereby the nature or quality of the goods is essentially altered, or by which one having the right of possession is deprived of all substantial use of the goods, permanently or temporarily" and in order to prove conversion Plaintiffs must prove "[they] had at the time of the conversion a general or special right of property in the thing converted, and also the possession or *a right to the immediate possession thereof*." *Hughes v. Robert Young Auto & Truck, Inc.*, 97 Va. Cir. 92 (2017) (emphasis in original) (*citing Eastern Lunatic Asylum v. Garrett*, 68 Va. 163, fn (1876). Here, Plaintiffs knowingly authorized AVL to transport their property to North Carolina before the property was delivered to Serv-Pro. (Compl. ¶ 27). Therefore, Plaintiff had no immediate right of possession for the time when the property was transported from Hanover County, Virginia to North Carolina, and then back Chesterfield County, Virginia.

Further, and in any event, even if the movement of Plaintiffs' personal property to North Carolina before being diverted to Chesterfield (as instructed) constituted a temporary conversion, Plaintiffs have not adequately alleged that they suffered any damages. *See, e.g., E. Shore of Virginia Produce Exch. v. New York*, P. & N. R. Co., 141 Va. 611, 620–21, 126 S.E. 674, 677–78 (Va. 1925) (even if failure to divert a load of cabbages as instructed was a temporary conversion, plaintiff suffered no damages as a matter of law).

C. *Plaintiffs Have Failed to State a Claim for Breach of Contract (Count III).*

Plaintiffs' claim for breach of contract fails because Plaintiffs have failed to (a) identify the specific duties owed, (b) show where in the contractual document(s) such duties exist, or (c) state how such duties were breached. Plaintiffs allege that "AVL contracted with and promised

the Baldwins to provide proper, conscientious, and honest services in moving the Baldwins' personal property Hoschton, Georgia," and that AVL "breached this duty." (Complaint, ¶ 44). There is no other information in Count III of the Complaint to suggest how AVL's services were not "proper," "conscientious," or "honest."

Elsewhere in their Complaint, Plaintiffs allege that "the parties had agreed…that the chronology for moving was that pickup would occur at the Cardinal Creek Residence on June 13, 2018 via a single cargo move where the truck would not share cargo with other customers or other moves," Complaint, ¶ 19, and also suggest that the disconnection of the washing machine from its water supply was "agreed with Mrs. Baldwin." Complaint, ¶ 21. AVL thus assumes that these are the duties Plaintiffs claim AVL owed to them as part of their "services." Yet, although Plaintiffs have attached a number of exhibits to their Complaint, they have not appended to the pleading any contract containing the aforementioned duties. Indeed, there is no contract attached to the Complaint that sets forth an obligation by AVL to disconnect Plaintiffs appliances – or any promise Plaintiffs' items would not have to share a truck with items belonging to another customer. Absent any evidence that it owed such duties, AVL cannot be held liable for breach of contract.

### D. Plaintiffs Cannot Maintain Claims for Common Law Fraud (Count IV) <u>or</u> for Violation of the Virginia Consumer Protect Act (VCPA) (Count II)

1. <u>Alleged Misrepresentations</u>

Although not pled in the Complaint with any degree of particularity[3], AVL surmises that the advertisements and representations that Plaintiffs characterize as "false" are:

---

[3] For this reason alone the motion to dismiss these claims should be granted. "'Where fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defense accordingly, and since [fraud] must be clearly proved it must be distinctly stated.'" *Mortarino v. Consultant Eng'g Servs., Inc.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996) (quoting citations omitted)

(1) AVL advertised that they were "Long Distance Moving Experts" (Compl. ¶ 12).;

(2) AVL advertised they "streamlined the moving process to give our customers great service for the most competitive price" (*Id.*);

(3) AVL stated that the transport of Plaintiffs' property would be "exclusive" (Id. ¶ 27).

2. <u>Standard for Pleading Common Law Fraud and VCPA Claims</u>

Common law fraud consists of (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance thereon by the party misled, and (6) resulting damage to the party mislead. *Owens v. DRS Auto. Fantomworks, Inc.*, 288 Va. 489, 497, 764 S.E.2d 256, 260 (2014). "The VCPA clearly does not require the consumer to prove in every case that misrepresentations were made knowingly or with the intent to deceive, because of its additional provision that damages may be trebled, but only in cases where the court finds that the violation was 'willful.'"[4] *Id*. However, as stated in *Devine v. Pulte Home Corp.*, No. 1:15CV1361(JCC/JFA), 2015 WL 8055858, at *6 (E.D. Va. Dec. 4, 2015):

> [The *Owens* case] does nothing to alter the VCPA's requirement that a plaintiff must "allege a fraudulent misrepresentation of fact." *Hamilton v. Boddie-Noell Enter.*, Inc., No. 2:14CV00051, 2015 WL 751492, at *2 (W.D. Va. Feb. 23, 2015) (quoting *Nationwide Mut. Ins. Co. v. Overlook*, LLC, 785 F. Supp.2d 502, 533 (E.D.Va. 2011)). As it would considerably expand the scope of liability if puffery and opinions were considered actionable misrepresentations under the VCPA, this Court will not read that intent into the Supreme Court of Virginia's opinion in *Owens*.

Therefore, while a VCPA claim does not necessarily require a "knowing intent to deceive," a VCPA claim cannot be premised upon opinions or "puffery" expressed by a defendant. Here, the provisions of the VCPA relied upon by Plaintiffs are as follows:

A. The following *fraudulent* acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful:

---

[4] I.e. treble damages are available under the VCPA only for what amounts to common law fraud.

9

>5. Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits;
>
>…
>
>6. Misrepresenting that goods or services are of a particular standard, quality, grade, style, or model;
>
>…
>
>8. Advertising goods or services with intent not to sell them as advertised, or with intent not to sell at the price or upon the terms advertised;
>
>…
>
>14. Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction.

Va. Code § 59.1-200 (emphasis added).

### a. Plaintiffs Have Not Identified Any Misrepresentations of Pre-Existing Fact Made by AVL With the Intent to Mislead.

Under both the VCPA and common law fraud counts, Plaintiff must prove that the misrepresentations were of facts, not opinions. *Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 712–13, 553 S.E.2d 714, 717 (2001). As the Virginia Supreme Court has stated:

>Whether [Defendant's] statement is alleged to have violated a common law or statutory standard, as in this case, "'[i]t is well settled that a misrepresentation, the falsity of which will afford ground for an action for damages, must be of an existing fact, and not the mere expression of an opinion. The mere expression of an opinion, however strong and positive the language may be, is no fraud.'" *Yuzefovsky v. St. John's Wood Apartments*, 261 Va. 97, 110–11, 540 S.E.2d 134, 142 (2001) (quoting Saxby v. Southern Land Co., 109 Va. 196, 198, 63 S.E. 423, 424 (1909)). "'We have not, however, established a bright line test to ascertain whether false representations constitute matters of opinion or statements of fact.'" *Yuzefovsky*, 261 Va. at 111, 540 S.E.2d at 142 (*quoting Mortarino*, 251 Va. at 293, 467 S.E.2d at 781). Nonetheless, we have recognized that "[c]ommendatory statements, trade talk, or puffing, do not constitute fraud because statements of this nature are generally regarded as mere expressions of opinion which cannot rightfully be relied upon, at least where the parties deal on equal terms." *Tate v. Colony House Builders*, 257 Va. 78, 84, 508 S.E.2d 597, 600 (1999); accord *Henning v. Kyle*, 190 Va. 247, 252, 56 S.E.2d 67, 69 (1949).
>
>Even in the light most favorable to [Plaintiff], [Defendant's] statement that the vehicle was in "excellent" condition cannot be viewed as anything more than an opinion. Merely stating that property is in excellent condition, without more, is clearly a matter of opinion in the manner of

puffing. *See, e.g., Tate*, 257 Va. at 84, 508 S.E.2d at 600 ("highest quality"); *Henning*, 190 Va. at 252, 56 S.E.2d at 69 ("good condition"). Consequently, this statement did not constitute fraud or violate the Consumer Protection Act.

*Id.*

AVL's statements that they are moving "experts" and provide "great service" are in the nature of opinions. *See e.g., Devine*, 2015 WL 8055858, at *5, *supra* (representation that sound proofing of condominium would be of "airport quality" was not representation of fact). The alleged representation by AVL that Plaintiffs' move would be "exclusive" likewise is not actionable because "an action based upon fraud must aver the misrepresentation of <u>present</u> pre-existing facts, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events. Were the general rule otherwise, every breach of contract could be made the basis of an action in tort for fraud." *Abi-Najm v. Concord Condo.*, LLC, 280 Va. 350, 362, 699 S.E.2d 483, 490 (2010) (quoting *Lloyd v. Smith*, 150 Va. 132, 145, 142 S.E. 363, 365 (1928). The VCPA also requires that the promise be false when made. Va. Code 59.1-200(A)(14).

AVL's alleged representation that Plaintiffs' property would be the only property in their truck was made well before the date of the move. At the time of the move (and before AVL even left with Plaintiffs' property), AVL advised that another customer's items were on the truck (necessitating the trip to North Carolina before taking Plaintiffs' items to Serv-Pro). Thus, not only was the representation as to the "exclusivity" of the move relating to a future event when it was made, there was never any intent by AVL to mislead Plaintiffs.

3. <u>Claims for Common Law Fraud are Barred by the Source of Duty Rule.</u>

Plaintiffs' claims for fraud fail for the additional reason that the source of duty rule prohibits claims of fraud where they "'are all entwined with a breach of the contract' and do not reasonably fall 'outside of the contract relationship.'" *Tingler v. Graystone Homes, Inc.*, 298 Va. 63, 834 S.E.2d 244 (2019) (*citing Dunn Constr. Co. v. Cloney*, 278 Va. 260, 268, 682 S.E.2d 943

(2009)). Plaintiffs allege that they contracted with AVL for moving services. All of the allegedly "fraudulent" statements made by AVL were made in connection with those services. According to Plaintiffs, AVL promised that its services would be "proper, conscientious, and honest," and, due to the broken washing machine water supply, Plaintiffs do not believe the services met those expectations. This fact pattern is not sufficient to support claims for fraud or for violation of the VCPA premised on fraud.

### E. Plaintiffs Are Not Entitled to Punitive Damages (Count V) or Attorneys' Fees

Plaintiffs cannot maintain a claim for punitive damages (Count V) because, at most, they have alleged "negligence" in the disconnection of a water supply line, the "improper" performance of a moving a contract, and/or poor customer service. Such allegations do not rise to the level of culpability required to support the imposition of punitive damages. "[I]n Virginia, the standard for establishing punitive damages is beyond even gross negligence" because the primary purpose of punitive damages is to punish wrongdoers acting willfully, wantonly, maliciously, or with disregard for the law. *Adkins v. HBL, LLC*, No. 1:17-cv-774, 2017 WL 4484246, at *2 (E.D. Va. July 18, 2017). There simply are no facts to support that AVL's alleged disconnection of Plaintiffs' washing machine water supply line was performed carelessly or recklessly, much less that it was done willfully, wantonly, or maliciously."

Plaintiffs likewise cannot recover "attorney's costs and fees." Attorney's fees are only recoverable pursuant to statute or an agreement of the parties. *Dowling v. Rowan*, 270 Va. 510, 521-22 (2005) ("We adhere to the 'American rule' which embodies the principle that each litigant must pay his own attorney's fees in the absence of a statute or contractual provision that would shift the burden of payment to the unsuccessful party."). Plaintiffs have identified no statute or contractual provision that would support a claim for attorney's fees, apart from the

12

VCPA. As set forth in Section III above, Plaintiffs have not adequately pled a claim for violation of the VCPA, and have pled no other basis for attorney's fees.

## IV.     CONCLUSION

Plaintiffs' claims are completely preempted by the Carmack Amendment. Yet, even in the absence of federal preemption, the claims are inadequately pled. The facts alleged, without more, cannot support the claims advanced or the damages demanded.

WHEREFORE, for the above and foregoing reasons, Defendant AMERICAN VAN LINES, INC., respectfully requests that this Court dismiss Plaintiffs' Complaint, in its entirety, with prejudice.

Respectfully submitted this 4th day of August, 2023.

                      AMERICAN VAN LINES, INC.

                      By Counsel

/s/ _____
Lindsey A. Lewis, Esq., Va. Bar #73141
llewis@fandpnet.com
FRANKLIN & PROKOPIK, P.C.
5516 Falmouth Street, Suite 203
Richmond, VA 23230
Telephone: (804) 932-1996
Facsimile: (804) 403-6007
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of August, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which (if counsel has registered with CM/ECF) will then send a notification of such filing (NEF) to the following:

W.R. Baldwin, III
billbaldwin@meyerbaldwin.com
Meyer Baldwin Long & Moore, LLP
5600 Grove Avenue
Richmond, VA 23226
*Counsel for Plaintiffs*

/s/
Lindsey A. Lewis